DAVID J. VANHAVERMAAT, Cal. Bar No. 175761
E-mail: vanhavermaatd@sec.gov
ALKA N. PATEL, Cal. Bar No. 175505
E-mail: patelal@sec.gov
JANET RICH WEISSMAN, Cal. Bar No. 137023
E-mail: weissmanj@sec.gov
KATHARINE E. NOLAN, Cal. Bar No. 254867
E-mail: nolank@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT C. BUTLER,<br><br>Defendant. | Case No. CV 11-03792<br><br>COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS |

Plaintiff Securities and Exchange Commission ("Commission") alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to Sections 20(b), 20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b), 77t(d)(1) & 77v(a)], Sections 21(d)(1), 21(d)(3)(A), 21(e) and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d)(1), 78u(d)(3)(A), 78u(e) & 78aa], and Sections 209(d), 209(e)(1) and 214 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-9(d), 80b-9(e)(1) and 90b-14]. Defendant Robert C. Butler ("Butler") has, directly or indirectly, made use of the means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange in connection with the transactions, acts, practices and courses of business alleged in this Complaint.

2. Venue is proper in this district pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)], Section 27 of the Exchange Act [15 U.S.C. § 78aa], and Section 214 of the Advisers Act [15 U.S.C. § 80b-14] because certain of the transactions, acts, practices and courses of conduct constituting violations of the federal securities laws occurred within this district, and Butler resides in this district.

## SUMMARY

3. This case involves an ongoing fraudulent scheme conducted by Butler, of Bermuda Dunes, California.

4. Since January 2009, Butler has raised at least $3.3 million from investors, targeting senior citizens. Butler falsely promised investors monthly returns of 2 to 10% through investments in his fund. In reality, Butler never earned such exorbitant returns and, in fact, has lost investor funds through short-term options trading and misappropriation of investor funds for personal purposes (including funds taken out at casinos). To conceal his fraud, Butler sent falsified

1

account statements to investors inflating the fund's purported balance and its returns. Despite redemption demands, Butler has failed to repay investors. Instead, he continues to solicit new funds and lull existing investors into believing that repayments are forthcoming.

5. Butler, by engaging in the conduct described in this Complaint, has violated, and unless enjoined will continue to violate, the antifraud provisions of the federal securities laws. By this complaint, the Commission seeks emergency relief against Butler, including a temporary restraining order, an asset freeze, accountings, an order expediting discovery, and an order prohibiting the destruction of documents, as well as preliminary and permanent injunctions, disgorgement with prejudgment interest, and civil penalties.

## DEFENDANT

6. **Robert C. Butler**, age 44, resides in Bermuda Dunes, California. He claims to operate "funds" named the Butler Private Investment Fund, BTI Fund, and Hawk Performance Thrust Vector Application. He is not registered with the Commission in any capacity. He is also not registered with the State of California as an investment adviser.

## THE FRAUDULENT SCHEME

A. **Butler's Investment Scheme**

7. Since at least January 2009, Butler has been operating a securities trading business out of his home using at least three different business names – Butler Private Investment Fund, BTI Fund, and Hawk Performance Thrust Vector Application.

8. Butler has obtained leads from his father-in-law, who lives in the same retirement community as several of the investors.

9. Butler typically invites investors to his home to view his trading operations, which consist of a purported proprietary trading program with multiple computer monitors. He touts his education and years of successful trading

experience. Butler sometimes shows investors account statements of other investors to demonstrate his purportedly large fund balance and high trading profits.

10. Butler represents to investors that their money will be pooled in a fund, that Butler will trade that money through his personal brokerage account (referred to herein as the "Account"), and that investors will share (on a pro rata basis) the trading profits from the Account.

11. In exchange for their investments, investors typically receive promissory notes (the "Notes"). The terms of the Notes vary, but they obligate Butler to repay the initial amount invested. Although some of the Notes indicate a guaranteed 8% annual interest rate, Butler orally represents that that is the minimum return and that they can expect as much as 10% monthly returns. Some of the Notes have been demand notes, while others have terms ranging from 30 days to 10 years.

12. Butler sends investors monthly account statements, often by e-mail, consisting of four separate documents on "Hawk Performance Thrust Vector Application" letterhead: an account summary showing the size and performance of the entire fund as well as the investor's pro rata profit earned; a list of all the trades made that month; a graphic representation of the fund's performance; and a statement of the investor's account activity.

13. The monthly account statements show high rates of return, with typical profits of between 2 and 7% per month. The monthly account statements also show an ever-increasing balance for the fund. For example, in August 2010, Butler claimed that the fund was worth $5.7 million. By March 2011, Butler claimed to have a fund balance of $8.9 million.

14. Since January 2009, Butler has raised at least $3.3 million. He has received funds from at least 17 investors, mostly senior citizens in and around Indio, California.

3

### B. Butler Is Making Material Misrepresentations To Investors

15. Butler orally promises investors a high rate of return on their investments. Butler's representations vary, but he promises returns ranging between 2% and 10% a month. Butler bolsters his representations by showing to investors the monthly account statements of other investors.

16. Butler never earned these exorbitant returns. To the contrary, he continually loses money through his securities trading. Butler's short-term trades and options investments are largely unsuccessful. Butler lost money in 24 of the 27 months between January 2009 and March 2011. Between January 1, 2009 and March 31, 2011, Butler's securities trading lost approximately $1.9 million.

17. Butler has concealed his securities trading losses from investors. Butler sends to investors falsified monthly statements that list fake trading profits. For example, the following falsified monthly statements claimed the following fake profits:

    a. August 2010—4.08%;
    b. October 2010—5.32%;
    c. November 2010—7.20%;
    d. December 2011—4.64%;
    e. January 2011—5.45%;
    f. February 2011—2.52%; and
    g. March 2011—.53%.

18. Butler's falsified monthly account statements also grossly inflated the fund's balance. For example, in August 2010, the monthly statements represented that the fund was worth $5.7 million. The Account statement for the same period showed a balance of $104. By March 2011, the monthly statements represented that the fund had a balance of $8.9 million. The Account statement for the same period showed a balance of $22.

19. Butler's falsified monthly account statements also misstate the

4

specific trades that he had made in the fund that month.

20. Butler is misappropriating investor funds. Between January 1, 2009 and March 31, 2011, Butler transferred approximately $1.6 million of investor funds from his brokerage account to himself (the funds were either taken out as cash or were transferred to his personal bank accounts). At least $47,000 of this money was taken out from casinos.

21. Butler touts his education to investors by claiming that he graduated from the Massachusetts Institute of Technology ("MIT"). Butler neither attended nor graduated from MIT.

22. Butler touts his professional experience to investors but fails to disclose that he had filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code in 1998.

### C. Butler Has Failed To Repay Investors

23. Several investors have demanded that Butler return their money. Butler has failed to repay them. Instead, he has lulled them by promising repayment and giving explanations for his delay. As recently as April 2011, Butler offered to repay one investor only if he made an additional investment in the same amount.

### FIRST CLAIM FOR RELIEF
### Fraud In The Offer Or Sale Of Securities
### Violations of Section 17(a) of the Securities Act
### (Against Defendant Butler)

24. The Commission realleges and incorporates by reference paragraphs 1 through 23 above.

25. Butler, by engaging in the conduct described above, in the offer or sale of securities by the use of means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

5

      a.    with scienter, employed devices, schemes, or artifices to defraud;

      b.    obtained money or property by means of untrue statements of a material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      c.    engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

26. By engaging in the conduct described above, Butler violated, and unless restrained and enjoined will continue to violate, Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

## SECOND CLAIM FOR RELIEF
### Fraud In Connection With The Purchase Or Sale Of Securities
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5
### (Against Defendant Butler)

27. The Commission realleges and incorporates by reference paragraphs 1 through 23 above.

28. Butler, by engaging in the conduct described above, directly or indirectly, in connection with the purchase or sale of a security, by the use of means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, with scienter:

      a.    employed devices, schemes, or artifices to defraud;

      b.    made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      c.    engaged in acts, practices, or courses of business which

6

operated or would operate as a fraud or deceit upon other persons.

29. By engaging in the conduct described above, Butler violated, and unless restrained and enjoined will continue to violate, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## THIRD CLAIM FOR RELIEF

### Fraud By An Investment Adviser

### Violations of Sections 206(1) and (2) of the Advisers Act

### (Against Defendant Butler)

30. The Commission realleges and incorporates by reference paragraphs 1 through 23 above.

31. Butler, by engaging in the conduct described above, directly or indirectly, by use of the mails or means and instrumentalities of interstate commerce:

    a. with scienter, employed and is employing devices, schemes or artifices to defraud clients or prospective clients; or

    b. engaged in or is engaging in transactions, practices, or courses of business which operated as a fraud or deceit upon clients or prospective clients.

32. By engaging in the conduct described above, Butler violated, and unless restrained and enjoined will continue to violate, Sections 206(1) and (2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and (2)].

## FOURTH CLAIM FOR RELIEF

### Fraud Involving A Pooled Investment Vehicle

### Violations of Section 206(4) of the Advisers Act and Rule 206(4)-8

### (Against Defendant Butler)

34. The Commission realleges and incorporates by reference paragraphs 1

through 23 above.

35. Butler, by engaging in the conduct described above, while acting as an investment adviser to a pooled investment vehicle, directly or indirectly, by use of the mails or means or instrumentalities of interstate commerce:

    a. Made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which there were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

    b. Engaged in acts, practices, or courses of business that were fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

36. By engaging in the conduct described above, Butler violated, and unless restrained and enjoined will continue to violate, Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court:

### I.

Issue findings of fact and conclusions of law that Butler committed the alleged violations.

### II.

Issue judgments, in forms consistent with Fed. R. Civ. P. 65(d), temporarily, preliminarily and permanently enjoining Butler, and his agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the judgment by personal service or otherwise, and each of them, from violating Section 17(a) of the Securities Act [15

U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 206(1), 206(2), and 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2) and (4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].

### III.

Issue, in a form consistent with Fed. R. Civ. P. 65, a temporary restraining order and a preliminary injunction freezing the assets of Butler, prohibiting him from destroying documents, granting expedited discovery, and requiring accountings from Butler.

### IV.

Order Butler to disgorge all ill-gotten gains from his illegal conduct, together with prejudgment interest thereon.

### V.

Order Butler to pay civil penalties under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e).]

### VI.

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

### VII.

Grant such other and further relief as this Court may determine to be just and necessary.

DATED: May 3, 2011

David J. VanHavermaat
Attorney for Plaintiff
Securities and Exchange Commission

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

**CV11- 3792 MMM (FFMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

David J. Van Havermaat, Cal. Bar No. 175761
Email: vanhavermaatd@sec.gov
Katharine E. Nolan, Cal. Bar No. 254867
Email: nolank@sec.gov
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998 / Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| SECURITIES AND EXCHANGE COMMISSION, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV11 - 03792 MMM (FFMx) |
| ROBERT C. BUTLER, | SUMMONS |
| DEFENDANT(S). | |

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _David J. Van Havermaat/Katharine E. Nolan_, whose address is _SEC, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TERRY NAFISI
Clerk, U.S. District Court

Dated: __MAY - 3 2011__    By: _____
Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)                    SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SECURITIES AND EXCHANGE COMMISSION

**DEFENDANTS**
ROBERT C. BUTLER

Riverside County

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

David J. Van Havermaat and/or Katharine E. Nolan    (323) 965-3998
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor, Los Angeles, CA 90036

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
The Complaint alleges violations of the federal securities laws. 15 U.S.C. § 77q(a); 15 U.S.C. § 78j(b) & 17 C.F.R. § 240.10b-5; 15 U.S.C. §§ 80b-6(1) & (2); and

**VII. NATURE OF SUIT** (Place an X in one box only.) 15 U.S.C. § 80b-6(4) & 17 C.F.R. § 275.206(4)-8.

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | | | | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☒ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**CV 11 - 03792**

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

MAY -3 2011

CV-71 (05/08)        CIVIL COVER SHEET        Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Robert C. Butler - Riverside County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside, Los Angeles and Orange Counties |  |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 5/2/11

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |