DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
E-mail: vanhavermaatd@sec.gov
ALKA N. PATEL, Cal. Bar No. 175505
E-mail: patelal@sec.gov
JANET RICH WEISSMAN, Cal. Bar No. 137023
E-mail: weissmanj@sec.gov
KATHARINE E. ZOLADZ, Cal. Bar No. 254867
E-mail: nolank@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT C. BUTLER,<br><br>Defendant. | Case No. CV-11-03792 MMM (FFMx)<br><br>**[PROPOSED] PRELIMINARY INJUNCTION AND ORDERS:**<br>**(1) FREEZING ASSETS,**<br>**(2) REQUIRING ACCOUNTINGS;**<br>**(3) PROHIBITING THE DESTRUCTION OF DOCUMENTS, AND**<br>**(4) GRANTING EXPEDITED DISCOVERY** |

This matter came to be heard upon Plaintiff Securities and Exchange Commission's ("Commission") *Ex Parte* Application For A Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Requiring Accountings; (3) Prohibiting The Destruction Of Documents; And (4) Granting Expedited Discovery; And Order To Show Cause Re Preliminary Injunction (the "Application").  On May 4, 2011, the Court granted the Commission's Application and issued a Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Requiring Accountings; (3) Prohibiting The Destruction Of Documents; And (4) Granting Expedited Discovery; And Order To Show Cause Re Preliminary Injunction, which ordered Butler to show cause, if there be any, why a preliminary injunction should not be granted in accordance with the complaint filed by the Commission.  On May 11, 2011, the Court extended the Temporary Restraining Order until June 6, 2011.

The Court, having considered the Commission's Complaint, the Application, the supporting Memorandum of Points and Authorities, the Notice of Non-Receipt of Opposition to Order to Show Cause Re Preliminary Injunction, the Declarations and Exhibits, and all other evidence and argument presented, finds that:

A.   This Court has jurisdiction over the parties to, and the subject matter of, this action.

B.   Good cause exists to believe that Defendant Robert C. Butler ("Defendant" or "Butler") has engaged in, is engaging in, and is about to engage in transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and Sections 206(1), (2) and (4) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1), (2) and (4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8.
///

C.	The Commission has demonstrated a probability of success on the merits and the possibility of dissipation of assets.

D.	Good cause exists to believe that defendant Butler will continue to engage in such violations to the immediate and irreparable loss and damage to investors and to the general public unless he is restrained and enjoined.

## I.

IT IS HEREBY ORDERED that the Commission's Application for a Preliminary Injunction and Orders: (1) Freezing Assets, (2) Requiring Accountings, (3) Prohibiting The Destruction Of Documents, and (4) Granting Expedited Discovery is GRANTED.

## II.

IT IS FURTHER ORDERED that defendant Butler, and his agents, servants, employees, attorneys, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

A.	employing any device, scheme or artifice to defraud;

B.	obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C.	engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

///

///

2

**III.**

IT IS FURTHER ORDERED that defendant Butler, and his agents, servants, employees, attorneys, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

**IV.**

IT IS FURTHER ORDERED that, defendant Butler, and his agents, servants, employees, attorneys, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, by the use of mails or means or instrumentalities of interstate commerce:

    A.    employing devices, schemes and artifices to defraud clients or prospective clients; or

    B.    engaging in transactions, practices, and courses of business which operate as a fraud or deceit upon clients or prospective clients;

in violation of Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) and (2).

## V.

IT IS FURTHER ORDERED that defendant Butler, and his agents, servants, employees, attorneys, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, by the use of the mails or any means or instrumentality of interstate commerce, while acting as an investment adviser to a pooled investment vehicle:

    A.    making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle;

    B.    engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle;

in violation of Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendant Butler, and his agents, servants, employees, attorneys, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly:

    A.    transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or

        other real or personal property, wherever located, of defendant Butler, whether owned by, controlled by, managed by or in his possession or custody;

B.   transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card or credit arrangement of defendant Butler.

## VII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by defendant Robert C. Butler, or any trust, partnership, joint venture, person or entity affiliated with any of them (including subsidiaries), including, but not limited to, the accounts set forth below:

| Company | Account Name | Account Number |
|---|---|---|
| Bank of America | Robert C. Butler | xxxxxx6699 |
| Rabobank | Robert C. Butler | xxxxxxx3677 |
| TD Ameritrade | Robert C. Butler | xxx-xx8834 |
| Scottsdale Capital Advisors | Bob Butler | xxxx1880 |
| Union Bank | Robert C. Butler | xxxxxx7535 |
| Wells Fargo Bank | Robert C. Butler | xxxxxx6328<br>xxxxxx4212 |

Notwithstanding the asset freeze provisions of this Section, defendant may, upon compliance with the financial reporting requirements herein, utilize assets otherwise subject to the freeze to pay for reasonable attorney's fees, subject to prior written agreement with the Commission.

Notwithstanding the asset freeze provisions of this Section, defendant may, upon compliance with the financial reporting requirements herein, pay from his individual personal funds reasonable, usual, ordinary and necessary living expenses subject to prior written agreement with the Commission.

### VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendant Butler, and his agents, servants, employees, attorneys, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to defendant Butler.

### IX.

IT IS FURTHER ORDERED that the Commission's application for expedited discovery is granted and that the Commission may take depositions upon oral examination and obtain document production from parties and non-parties subject to two business days notice; and may serve interrogatories and requests for admissions, subject to response within five calendar days of service.  Service of all expedited discovery requests shall be proper if made upon the parties by facsimile, electronic mail, or overnight courier.

### X.

IT IS FURTHER ORDERED that defendant Butler shall, immediately upon the issuance of this Order, prepare and deliver to the Commission a detailed and complete schedule of all of his assets, including all real and personal property

exceeding $5,000 in value, and all bank, securities, futures and other accounts identified by institution, branch address and account number.  The accountings shall include a description of the source(s) of all such assets.  Such accountings shall be filed with the Court and copies shall be delivered to the attention of David Van Havermaat at the Commission's Los Angeles Regional Office, located at 5670 Wilshire Blvd., Los Angeles, CA 90036.  After completion of the accountings, defendant Butler shall produce to the Commission's Los Angeles Regional Office, at a time agreeable to the Commission, all books, records and other documents supporting or underlying his accountings.

## XI.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED:    June    6,    2011

_____
THE HONORABLE MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

7

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On May 31, 2011, I caused to be served the document entitled **[PROPOSED] PRELIMINARY INJUNCTION AND ORDERS:  (1)  FREEZING ASSETS, (2)  REQUIRING ACCOUNTINGS; (3)  PROHIBITING THE DESTRUCTION OF DOCUMENTS, AND (4)  GRANTING EXPEDITED DISCOVERY** on all the parties to this action addressed as stated on the attached service list:

[ ]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  May 31, 2011              /s/ Maureen F. Franks
                                 Maureen F. Franks

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SEC v. ROBERT C. BUTLER**
United States District Court – Central District of California
Case No. 2:11-cv-03792-MMM -FFM
(LA-4016)

SERVICE LIST

William S. Bonnheim, Esq. **(served via CM/ECF only)**
William S. Bonnheim, PLC
39-301 Badger Street, Suite 800
Palm Desert, CA 92211
Email:  wbonnheim@wsbplc.com
*Attorney for Defendant Robert C. Butler*