1  DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
   E-mail:  vanhavermaatd@sec.gov
2  JANET RICH WEISSMAN, Cal. Bar No. 137023
   E-mail:  weissmanj@sec.gov
3  KATHARINE E. ZOLADZ, Cal. Bar No. 254867
   E-mail:  zoladzk@sec.gov
4
   Attorneys for Plaintiff
5  Securities and Exchange Commission
   Rosalind R. Tyson, Regional Director
6  Michele Wein Layne, Associate Regional Director
   John W. Berry, Regional Trial Counsel
7  5670 Wilshire Boulevard, 11th Floor
   Los Angeles, California 90036-3648
8  Telephone:  (323) 965-3998
   Facsimile:  (323) 965-3908
9

JS-6

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12
   SECURITIES AND EXCHANGE          Case No. CV-11-03792 MMM (FFMx)
13 COMMISSION,
                                    [PROPOSED] FINAL JUDGMENT
14              Plaintiff,          AS TO DEFENDANT ROBERT C.
                                    BUTLER
15       vs.

16 ROBERT C. BUTLER,

17              Defendant.

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Securities and Exchange Commission having filed a Complaint and Defendant Robert C. Butler ("Butler") having entered a general appearance; consented to the Court's jurisdiction over Butler and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Butler, and his agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Butler, and his agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise are permanently

1

restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

> (a)   to employ any device, scheme, or artifice to defraud;

> (b)   to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

> (c)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Butler, and his agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) & 80b-6(2), by the use of the mails or any means or instrumentalities of interstate commerce:

> (a)   to employ any device, scheme, or artifice to defraud any client or prospective client; or

> (b)   to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Butler and his agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual

notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, violating Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8, by, while acting as an investment adviser to a pooled investment vehicle, by use of the mails or means or instrumentalities of interstate commerce:

    (a)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

    (b)    to engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Butler is liable for disgorgement of $6,562,422, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $138,244, for a total of $6,700,666. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, Butler may assert any legally permissible defense. Payments under this paragraph shall be made within 14 days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Butler as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Butler shall simultaneously transmit photocopies of

3

such payment and letter to the Commission's counsel in this action.  By making this payment, Defendant Butler relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Butler.  The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court.  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.  The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Butler shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Butler shall pay a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e)(1) of the Advisers Act, 15 U.S.C. § 80b-9(e)(1).  Defendant Butler shall make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Butler as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to

1  this Final Judgment.  Defendant shall pay post-judgment interest on any delinquent

2  amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid

3  pursuant to this paragraph to the United States Treasury.

**VII.**

5          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

6  Consent of Defendant Robert C. Butler to Entry of Final Judgment is incorporated

7  herein with the same force and effect as if fully set forth herein, and that Butler

8  shall comply with all of the undertakings and agreements set forth therein.

**VIII.**

10          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this

11 Court shall retain jurisdiction of this matter for the purposes of enforcing the terms

12 of this Final Judgment.

14 Dated:  March 6, 2012                    _____

15                                          HONORABLE MARGARET M. MORROW

16                                          UNITED STATES DISTRICT JUDGE

17 **cc:  FISCAL**

5